UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENNIS ELIJAH JEMISON, ) | |
| ) | |
| Plaintiff, ) | No. CV 09-8053 UA (AJW) |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | TRANSFERRING CASE |
| OFC. NAVARO, et al., ) | 28 U.S.C. §§ 1391, 1406 |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff, a federal prisoner, filed an application to proceed without prepayment of the full filing fee and lodged a civil rights complaint for damages pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). For the following reasons, the case is transferred to the United States District Court for the Eastern District of California. In light of the transfer of this case, the court expresses no opinion as to whether or not plaintiff's application for leave to proceed without prepayment of the filing fee should be granted.

    Under 28 U.S.C. § 1391(e),

[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

The complaint alleges that while plaintiff was incarcerated at the United States Penitentiary in Atwater, California ("USP Atwater"), his civil rights were violated by federal correctional officers, who are sued in both their individual and official capacities. Plaintiff cannot sue a federal officer for damages on a constitutional tort theory under Bivens because such a suit is equivalent to a suit against the United States, which has not waived its sovereign immunity to such suits. See Fed. Dep.Ins. Corp. v. Meyer, 510 U.S. 471, 484-486 (1993); Cato v. U.S., 70 F.3d 1103, 1107 (9th Cir. 1995).

Plaintiff may attempt to sue federal officers in their individual capacity in a civil rights action for damages. See Bivens, 403 U.S. at 397. The proper venue for those claims, however, is not the Central District of California. Plaintiff does not reside in this district, no individual defendant resides in this district, and the events giving rise to plaintiff's claims occurred at USP Atwater, which is located in Merced County in the Eastern District of California. See 28 U.S.C. § 84(b). Therefore, venue is proper in the Eastern District of California.

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992) (per curiam), cert. denied, 507 U.S. 913 (1993). Accordingly, this case is transferred to the United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

DATED: _____11/6_____, 2009

_____
AUDREY B. COLLINS
United States District Judge